Case 4:18-cr-00146-YGR    Document 66    Filed 03/04/26    Page 1 of 9

TAMOR & TAMOR
The Sierra Building
311 Oak Street, Suite 108
Oakland, CA 94607
Telephone: (415) 655-1969
email: rtamor@TamorLaw.com
Attorneys for Defendant
OGES ROBERSON

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OGES ROBERSON,<br><br>Defendant.<br><br>_____ | ) Case No.: CR-18-00146-YGR<br>)<br>) DEFENDANT OGES ROBERSON'S<br>) SENTENCING MEMORANDUM AND<br>) REQUEST FOR VARIANCE<br>)<br>) Date:    March 11, 2026<br>) Time:    2:00 p.m.<br>) Court:  Hon. Yvonne Gonzalez Rogers<br>)<br>) |

## I.    INTRODUCTION

In this Distribution of Cocaine and Cocaine Base Case, the parties crafted a Plea Agreement that allowed Mr. Roberson to participate in the Conviction Alternative Program ("CAP") but unfortunately he was unable to successfully complete it.  Under the Plea Agreement, this Court may sentence Mr. Roberson to a reasonable sentence under the sentencing factors enumerated in 18 U.S.C. § 3553(a), but Mr. Roberson "cannot recommend a downward variance in excess of 75% from the low-end of the applicable guideline range as determined by the Court."  PSR ¶ 5.

*(margin, rotated:)* TAMOR & TAMOR   311 Oak Street, Suite 108, Oakland, CA 94607   Telephone: (415) 655-1969, Facsimile: (415) 887-7658

1

U.S. v. OGES ROBERSON CR 18-000146-YGR; SENTENCING MEMORANDUM

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

In recommending a 48 month sentence to this Court, the United States Probation Office recognized that a significant below Sentencing Guideline sentence is appropriate in this case and diligently took into consideration a variety of factors at play in Mr. Roberson's case, including his lack of a father figure who was eventually murdered, his drug addicted, frequently incarcerated and eventually murdered mother, his gang and violent ridden neighborhood upbringing, his limited education, and unstable employment. While the defense respects the Probation Office's diligence and hard work in reaching its recommended sentence, we believe that, under the constraints of the Plea Agreement, a sentence of 19 months (a 75% reduction of the low end of the Sentencing Guideline Range) is sufficient to adequately impress upon Mr. Roberson the seriousness of his conduct, while addressing some of the sentencing objectives of just punishment, rehabilitation and deterrence as listed in 18 U.S.C. § 3553(a).

It is also worthy to note that Mr. Roberson entered into the Plea Agreement believing that his Total Offense Level would be 13 which would have yielded a low end Sentencing Guideline Range of 33 months—this would have allowed Mr. Roberson to argue for a sentence of 8 months. PSR ¶ 5. The Court, of course, is not constrained by the Plea Agreement and may sentence Mr. Roberson to any sentence it deems appropriate under the 3553(a) sentencing factors. Sentencing will occur on March 11, 2026.  He will be 52 years old.

Mr. Roberson has rejected all rationalizations for his conduct, admitted his wrongdoing in open Court, and he has squarely faced the pain and distress he has caused

U.S. v. OGES ROBERSON CR 18-000146-YGR; SENTENCING MEMORANDUM

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

and will cause his family and the general community. He is remorseful for what he has done, and he is trying to redeem himself.  PSR ¶¶ 4-5.

Under the totality of these circumstances, and under the constraints of the plea agreement, the requested 19 month sentence is "sufficient, but not greater than necessary" punishment for Mr. Roberson, it  serves the sentencing goals of 18 U.S.C. § 3553(a), and the defense asks that the Court impose that sentence at the time of sentencing.

## II. ARGUMENT

### A. Sentencing Under 18 U.S.C. § 3553.

After *United States v. Booker,* 543 U.S. 220 (2005)*,* the Court must consider, without preferring any single one factor, the seven factors listed in 18 U.S.C. § 3553(a) in order to impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing listed in § 3553(a)(2). The seven factors listed in 18 U.S.C. § 3553(a) are:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The purposes of sentencing (Retribution; Specific Deterrence; General Deterrence; and Rehabilitation)[1];

---

1 The four purposes of sentencing, codified in 3553(a)(2), are:
   A. "Retribution," or to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;
   B. "General" deterrence;
   C. "Specific" deterrence; and
   D. "Rehabilitation," or to provide the defendant with training, medical, or correctional

3

TAMOR & TAMOR

311 Oak Street, Suite 108, Oakland, CA 94607

Telephone: (415) 655-1969, Facsimile: (415) 887-7658

3. The kinds of sentences available (i.e. alternatives to prison);

4-5. The Sentencing Guidelines and their Policy Statements (which are, after *Booker,* advisory);

6. Avoiding disparity in treatment of similar offenders; and

7. The need to provide restitution.

**(i).  Factor 1.  Nature and Circumstances of the Offense and History and Characteristics of Mr. Roberson.**

**(a). History and Characteristics of Mr. Roberson**

Mr. Roberson's life story is chronic instability, early exposure to crime, violence and substance use, repeated family loss, and long-term socioeconomic hardship. However, more recently, he has made significant progress toward stability and rehabilitation.

Mr. Roberson was born on March 5, 1974, in Oakland, California.  Given the area and their lifestyles, both of his parents were eventually murdered.  He has multiple half-siblings, many of whom struggle with disability, criminal histories, or substance use. His father was largely absent, and Mr. Roberson recalls seeing him only a few times before his father was murdered in the early 1990s. PSR ¶¶ 67, 73.

His mother's life was marked by incarceration, drug use, and criminal activity. Because she was frequently in jail, Roberson spent much of his childhood being raised by relatives—primarily his maternal aunt Veronica and periodically his grandmother. These

treatment.

4

homes provided stability, care, and a positive environment. After his grandmother's death, he returned to living with his mother, but her continued arrests forced him to move again, this time to his uncle Ernest's home. PSR ¶ 69.

Mr. Roberson's mother struggled with housing and substance use, resulting in years spent living in motels. These environments exposed him to drug activity, violence, and murders. His mother involved him directly in her criminal activities—asking him to "cover" her during thefts and giving him drugs to sell so he could buy food. PSR ¶ 71.

In 1987, his mother secured an apartment, but it became a site for drug sales. He viewed this as normal at the time. She lost the apartment in 1990, and they returned to motel living. That same year, after she was arrested again, he was sent to juvenile hall and then to a California Youth Authority camp at age 16. Upon release, he felt disappointed by his family's lack of enthusiasm about his return. PSR ¶ 72.

Mr. Roberson witnessed domestic violence at a young age, including an incident where his maternal uncle punched his mother. His mother was murdered around 1994–1995 when he was in custody. He was not permitted to attend her funeral, which deeply affected him. He coped by writing letters to her and spending time in the law library. He believes he had very little time with her due to their alternating incarcerations, and this loss continues to weigh heavily on him. PSR ¶ 74.

Until recently, Mr. Roberson lived in East Oakland his entire life. At the time of his most recent arrest, he was unhoused, living in a car or staying with friends. Making significant progress, he now resides with his niece in San Ramon. He has eight children,

5

TAMOR & TAMOR

311 Oak Street, Suite 108, Oakland, CA 94607

Telephone: (415) 655-1969, Facsimile: (415) 887-7658

three minors and five adults—with multiple mothers. He has strong relationships with his children and pays child support for two of his younger daughters, as well as healthcare costs for his son. His family is aware of his offenses and remains supportive. Given his life story, he has very few friends, and he notes that his closest friend was killed at age 23. PSR ¶¶ 77, 78, 80.

Since his release from custody in this matter, Mr. Roberson has made significant strides in his life. He works six days a week at the Whole Foods Distribution Center and participates in outpatient treatment programs (CTC and Second Chance) on his day off. He also picks up his daughter from school when possible. He is proud of his job, feels supported by his employer, and hopes to pursue an HVAC certification when his schedule allows. He identifies fear of "starting over" as a major obstacle, especially since he is living in his own residence for the first time in his life. PSR ¶ 81.

None of these circumstances excuses criminal behavior of course, but they do help to explain how a man, who grew up witnessing drug activity, gang activity and violence, had a severe lack of parental supervision, had started using drugs at a young age, and had limited education, criminal behavior becomes less easy to avoid. This is what happened to Mr. Roberson, he has learned from it, and those around him see it: "her brother has turned his life around [and] is trying to live his life better than he used to," PSR ¶ 83, "[he] is dedicated and has been employed for almost two years. . . he is doing something positive and has a routine, which is completely different than she has ever seen." PSR ¶ 84.

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

6

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

### (b).  Nature and Characteristics of the Offense

Mr. Roberson and Mr. Roberson alone bears the responsibility for his conduct.  He sold cocaine and cocaine base.  Yet there are mitigating factors noted above that in many ways suggest that Mr. Roberson never had a chance in life until he received help from the Court's CAP program even though he did not successfully complete it.  PSR ¶¶ 11-26.

### (ii).  Factor 2. The Purposes of Sentencing (Retribution; General Deterrence; Specific Deterrence; and Rehabilitation)
### (a). Retribution

Shortly after undersigned counsel was appointed to represent Mr. Roberson, he voiced his desire to plead guilty and willingly pleaded guilty to 4 serious felony offenses on June 27, 2024.  He understands the seriousness of the offense, as well as the impact of his criminal history, and recognizes that he could spend a significant amount of time in custody.  This is severe retribution for a man who really has changed his life around—he has been gainfully employed for almost 2 years and for the first time in his life lives in his own apartment and is taking advantage of mental health treatment.  In light of these facts, it is the defense's position that under the constraints of the Plea Agreement a 19 month sentence is sufficient punishment for Mr. Roberson.

### (b). Specific Deterrence

Again, at the time of sentencing, Mr. Roberson will be 52 years old.  He knows it is a hard life behind bars to which he does not want to return, and at the age of 52, he realizes he cannot continue on the same path, and he has taken giant steps in the last two years to turn his life around.  It is clear that the terrible choices and consequences in this

U.S. v. OGES ROBERSON CR 18-000146-YGR; SENTENCING MEMORANDUM

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

case has already and will doubtlessly continue to prevent Mr. Roberson from ever coming into contact with the criminal justice system ever again.

### (c). General Deterrence

The purpose of general deterrence is to deter others from committing crime. Mr. Roberson now has four more serious (now federal) felony convictions. It is inarguable that under all the circumstance the requested sentence of 19 months, and having to start his life over again, is deterrent enough for anyone similarly minded to engage in similar conduct.

### (d). Rehabilitation

Mr. Roberson recognizes his wrongdoing and has accepted responsibility for his actions. He has been open about his wrongdoing with his family, friends, and the Court. Having been employed for almost 2 years, now living in his own apartment, and getting the mental health counseling he needs, Mr. Roberson is well on his way to rehabilitation. Still, he recognizes that much work is still needed to continue on this path and to regain the trust of people around him and put his life back together again.

### (iii).  Factors 3-5. The Kinds of Sentences Available and The Advisory Sentencing Guidelines

Mr. Roberson understands and appreciates the sentencing guidelines calculated in the U.S. Probation. But as noted above, Mr. Roberson entered into the Plea Agreement believing that his Total Offense Level would be 13 which would have yielded a low end Sentencing Guideline Range of 33 months—this would have allowed Mr. Roberson to argue for a sentence of 8 months. PSR ¶ 5.

U.S. v. OGES ROBERSON CR 18-000146-YGR; SENTENCING MEMORANDUM

## III. CONCLUSION

For the foregoing reasons, under the constraints of the Plea Agreement, Mr. Roberson respectfully submits that a sentence of 19 months is sufficient but not greater than necessary to fulfill the statutory mandate of 18 U.S.C. § 3553(a). The Court, of course, is not constrained by the Plea Agreement, and may sentence Mr. Roberson to any appropriate sentence under the 3553 factors.

Date: March 4, 2026

Respectfully Submitted,
TAMOR & TAMOR
_____/s/_____
By: RICHARD A. TAMOR, ESQ.
Attorneys for Defendant,
OGES ROBERSON

TAMOR & TAMOR
311 Oak Street, Suite 108, Oakland, CA 94607
Telephone: (415) 655-1969, Facsimile: (415) 887-7658

U.S. v. OGES ROBERSON CR 18-000146-YGR; SENTENCING MEMORANDUM