CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

DAN M. KARMEL (NYBN 5151485)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7007
    FAX: (415) 436-7234
    dan.karmel@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | **NO. CR 18-00146 YGR** |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| OTIS ROBERSON, | Sentencing Date: March 11, 2026 |
| | Time: 2:00 p.m. |
| Defendant. | |

## I.    INTRODUCTION

Otis Roberson was initially charged by Indictment on April 12, 2018, with two counts of Distribution of Cocaine (Counts One and Three) and two counts of Distribution of Cocaine Base (Counts Two and Four), each in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).  On November 15, 2018, he was charged by Superseding Indictment, which replaced Count Four with Distribution of 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), (b)(l)(B)(iii).

On August 2, 2023, Roberson was arrested pursuant to a federal arrest warrant.  *See* Presentence Investigation Report ("PSR") ¶ 6.  At the time of his arrest, he was in possession of approximately 17 grams of cocaine base.  *Id.*  On June 20, 2024, the government filed a Superseding Information, again charging Roberson with two counts of Distribution of Cocaine (Counts One and Three) and two counts

GOV'T SENTENCING MEM.
CR 18-00146 YGR

1

of Distribution of Cocaine Base (Counts Two and Four), each in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C).

The charges and convictions stem from three incidents between March 2017 and March 2018, in which Roberson sold cocaine and/or cocaine base to an ATF confidential informant (the "CI"). For the reasons set forth below, the government recommends a sentence of 65 months' imprisonment followed by three years of supervised release.

**II.     THE CHARGED CONDUCT**

The government agrees with the PSR's description of the charged conduct in this case. As set forth more fully therein, on March 30, 2017, Roberson sold approximately an ounce of cocaine powder to the CI for $950. PSR ¶¶ 16–18. Approximately two weeks later, on April 13, 2017, he sold the CI approximately one and a half ounces combined of cocaine powder and cocaine base in exchange for $1,430. *Id.* ¶¶ 19–21. Then, on March 14, 2018, Roberson sold the CI approximately two ounces of cocaine base for $1,800. *Id.* ¶¶ 23–24. When Roberson was arrested on August 2, 2023, he was in possession of approximately 17 grams of cocaine base. *Id.* ¶ 26.

**III.    SENTENCING GUIDELINES CALCULATIONS**

Per the Plea Agreement, the parties agreed to the following Guidelines calculation:

a.    Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(12) – at least 100 grams but less than 200 grams of cocaine:     16

b.    Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b):     - 3

c.    Total Offense Level:     13

Plea Agreement ¶ 7.

The PSR, on the other hand, calculates the Guidelines as follows:

a.    Base Offense Level, U.S.S.G. § 2D1.1(a)(5), (c)(8) – at least 100 kilograms but less than 400 kilograms of converted drug weight:     24

b.    Acceptance of Responsibility, U.S.S.G. § 3E1.1(a), (b):     - 3

c.    Total Offense Level:     21

PSR ¶¶ 32–41.

The difference in the two calculations is that the Plea Agreement treated cocaine base as cocaine powder for purposes of the Base Offense Level, which was consistent with DOJ policy at the time, though that policy has since been rescinded.

The PSR calculates that Roberson has a criminal history score of 18, which places him in Criminal History Category ("CHC") VI. *Id*. ¶¶ 53–55. The government agrees that Roberson qualifies for CHC VI. A Total Offense Level of 21 for an individual in CHC VI results in a Guidelines range of 77 to 96 months. *Id*. ¶ 106.

## IV.    SENTENCING RECOMMENDATION

### A.    Legal Standard

The United States Sentencing Guidelines serve as "the starting point and initial benchmark" of any sentencing process and are to be kept in mind throughout the process. *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008); *see also United States v. Kimbrough*, 522 U.S. 85, 108 (2007). The overarching goal of sentencing, as set forth by Congress, is for the Court to "impose a sentence sufficient, but not greater than necessary." *Carty*, 520 F.3d at 991. In accomplishing that goal, the Court should consider the factors set forth under 18 U.S.C. § 3553(a), including:

> (1)    the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2)    the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (3)    the need for the sentence imposed to afford adequate deterrence to criminal conduct; and
>
> (4)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

### B.    Discussion of Section 3553(a) Factors

Roberson has been convicted of serious offenses. As noted in *United States v. Ailemen*, "[w]e begin with a clear recognition that trafficking in illegal narcotics . . . , without more, causes serious harm to society." 165 F.R.D. 571, 596 (N.D. Cal. 1996). On the other hand, the PSR identifies several mitigating considerations for Roberson, including significant challenges he experienced during his

childhood and progress he has made toward rehabilitation since his arrest. PSR ¶¶ 68–84. Balancing Roberson's conduct against those mitigating factors, it is the government's position that a sentence of 65 months' imprisonment is sufficient but not greater than necessary to comply with the purposes of Section 3553(a). The government also requests that the Court impose the following special condition, as agreed upon in the Plea Agreement:

Suspicionless Searches

The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

**V.    CONCLUSION**

For the foregoing reasons, the government recommends that the Court sentence Roberson to 65 months' imprisonment followed by three years of supervised release.

DATED: March 5, 2026                                Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


 */s/ Dan Karmel*
DAN M. KARMEL
Assistant United States Attorney

GOV'T SENTENCING MEM.                    4
CR 18-00146 YGR